## VILLAGE OF HOMEWOOD v. COLUMBIA CASUALTY COMPANY.

### No. 6178.

Circuit Court of Appeals, Seventh Circuit.

March 23, 1937.

Daniel S. Wentworth, of Chicago, Ill., for appellant Village of Homewood. .

Cassels, Potter & Bentley, of Chicago, Ill., for appellee Columbia Casualty Co.

Before EVANS and SPARKS, Circuit Judges.

PER CURIAM.

Now this day come the parties by their counsel and present and file a stipulation to dismiss this appeal, which said stipulation is in the words and figures following, to wit: "It is hereby stipulated by and between the Village of Homewood, Appellant, and the Columbia Casualty Company, Appellee, by their respective attorneys that the above entitled appeal may be dismissed without costs, all costs having been paid." On consideration whereof, it is now here ordered and adjudged by this court that this appeal be and the same is hereby dismissed, without costs, pursuant to the foregoing stipulation.

## Richard WAGNER, as Assignee, etc., Appellant, v. G. W. BRAINARD, as Trustee in Bankruptcy of The PUBLIC FOOD STORES, Appellee.

### No. 8325.

Circuit Court of Appeals, Ninth Circuit.

June 21, 1937.

Torregano & Stark, August B. Rothschild, and Livingston & Livingston, all of San Francisco, Cal., for appellant.

Grant H. Wren, Clarence W. Morris, Samuel T. Bush, and Bertram H. Ross, all of San Francisco, Cal., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

PER CURIAM.

Upon stipulation of counsel for respective parties, ordered appeal herein dismissed, that a decree of dismissal be filed and entered accordingly, and the mandate of this court issue forthwith.

## Hyman WALLER v. UNITED STATES of America.

### No. 7769.

Circuit Court of Appeals, Sixth Circuit.

June 28, 1937.

Dan J. Fishman, of Cleveland, Ohio, for appellant.

E. B. Freed, of Cleveland, Ohio, for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

It appearing to the court that motions to dismiss the appeal have been filed by appellant and appellee, it is ordered that the appeal be and the same is dismissed, the costs to be charged against the Government as constructive earnings.